JAMES H. GILBERT, Sheriff,

v.

THE WATTS-DEGOLYER COMPANY.

*Opinion filed November 8, 1897.*

| 169 | 129 |
|---|---|
| 173 | 72 |
| 173 | 347 |
| 169 | 129 |
| 74a | 617 |
| 169 | 129 |
| 175 | 398 |
| 169 | 129 |
| 80a | 318 |
| 169 | 129 |
| 98a | 1360 |

1. TRIAL—*introducing evidence after refusal of peremptory instruction is a waiver.* A defendant, by introducing evidence to contradict the plaintiff's case after the refusal of his peremptory instruction offered at the close of the plaintiff's evidence, waives his right to assign such refusal as error.

2. SAME—*how to preserve question of sufficiency of evidence as one of law.* One desiring, after the evidence is closed, to preserve the question of the sufficiency of the evidence to sustain a verdict as one of law, should, before submitting the case to the jury, move to exclude the evidence from the jury and for a written instruction directing a verdict in his favor.

3. APPEALS AND ERRORS—*when court cannot consider error in refusing peremptory instruction.* Alleged error in refusing a peremptory instruction cannot be considered on appeal, where such instruction was asked after other instructions submitting the case to the jury had been asked and given for the same party.

4. INSTRUCTIONS—*when instruction need not refer to exceptions to general rule.* An instruction stating a general rule to the jury may omit all reference to exceptions thereto, where there is no evidence adduced tending to establish any fact which would bring the case within such exceptions.

5. JUDICIAL SALES—*sheriff cannot arbitrarily postpone sale without being liable in damages.* A sheriff arbitrarily postponing an execution sale, against the objection of the execution plaintiff, where there are several bidders present, one of whom, at least, was ready to bid the amount of the demand, and the sale at such bid would not have resulted in a sacrifice of the property, is liable in damages to the execution plaintiff for the consequence of such act.

6. SAME—*sheriff not authorized to postpone sale because only one bidder is present.* The provisions of section 49 of the act on judgments, decrees and executions, (Rev. Stat. 1874, p. 627,) which authorize a sheriff to postpone an execution sale for want of bidders, does not warrant a postponement because only one bidder is present.

7. SAME—*unofficial notice of claims against property will not authorize sheriff to postpone sale.* The fact that a sheriff has heard, or been unofficially advised, that there are adverse claims against property seized under an execution, does not authorize him to decline to proceed with the sale.

*Gilbert v. Watts-DeGolyer Co.* 66 Ill. App. 625, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

This was an action on the case, instituted by the appellee corporation against the appellant, to recover damages sustained by the corporation, as the declaration alleged, by reason of the action of the appellant, as sheriff of Cook county, in postponing the sale of a threshing machine, two steam engines and other articles of personal property in the possession of the sheriff under levy by an attachment writ, and advertised for sale by virtue of a special execution issued out of the Superior Court of Cook county and delivered to said appellant, as sheriff, commanding him to expose said articles for sale to satisfy the judgment obtained by the appellant in said attachment proceeding. Judgment in the sum of $705.70 was rendered against the appellant, and same was affirmed by the Appellate Court on appeal, and a certificate of importance granted. Appellant has prosecuted a further appeal to this court.

BLISS, MCKITTRICK & NORTHAM, and GEORGE GILLETTE, for appellant.

BULKLEY, GRAY & MORE, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant, by introducing evidence to contradict the case made by the plaintiff, (appellee,) waived the exception taken by him to the action of the court in overruling the motion, entered at the close of the testimony offered in behalf of the plaintiff, to direct the jury to find for the defendant. *Joliet, Aurora and Northern Railway Co.* v. *Velie,* 140 Ill. 59; *Chicago City Railway Co.* v. *Van Vleck,* 143 id. 480; *Grimes* v. *Hilliary,* 150 id. 141.

Upon the final submission of the case to the jury, appellant, among other instructions to be given to the jury, presented to the court the following:

6. "The court instructs the jury that, the plaintiff having failed to make out a case which in law entitled it to recover, you shall find your verdict for the defendant."

It is complained the court refused to grant this instruction. Before offering it the appellant had submitted the case to the jury for decision upon the facts, thereby admitting there was a question of fact to be determined by the jury. The instruction under consideration, as was said of a similar instruction in *Peirce* v. *Walters*, 164 Ill. 560, "sought to take away from the jury all questions of fact, and require them to determine, as a matter of law, that there was no evidence before them tending to support the plaintiff's cause of action." "If," to quote further from the same opinion, "the defendants desired the court to pass upon the legal question as to whether or not there was any testimony before the jury tending to prove the plaintiff's case, and to bring that question before this court for review as a question of law, they should have asked to have the case withdrawn from the jury before the final submission." If the appellant in the case at bar desired to save for consideration in this court the question whether, as a matter of law, the evidence was sufficient to warrant the submission of the case to the jury, he should, by a motion presented to the court before submitting the case to the jury, have asked the court to exclude the evidence and peremptorily direct the jury to return a verdict in his favor. Such question cannot be raised by including in a series of instructions presented to the court to be given to the jury for their guidance in applying rules of law to the decision of the questions of fact raised by the evidence, an instruction declaring the evidence is not sufficient to entitle the plaintiff to recover, and directing that a verdict be returned by the

jury for the defendant. (*Peirce* v. *Walters, supra; Vallette* v. *Bilinski*, 167 Ill. 564.) It was not error to refuse to grant the instruction, and such refusal presents to this court no question relating to the facts or the sufficiency thereof.

Appellant sought to introduce an instrument of writing which the witness who was called to identify it called a "copy of a notice," but the court refused to permit it to be read in evidence. The instrument in question is not preserved in the bill of exceptions, and we are unable to determine otherwise from the record the contents thereof. The only indication as to its character is, that counsel for appellant, in questions relating to it, called it a notice. It appeared, however, from the testimony of the witness who was asked to identify it, that nothing whatever was done with it. It seems from the testimony it was prepared by counsel for appellant, the sheriff, at some time immediately before or just after the sale, but after being prepared further action upon it was abandoned. We are unable to see how the mere drafting of a notice or writing by counsel for appellant had any tendency to elucidate any issue before the jury. We think it was correctly excluded.

The only complaint as to the instructions given for appellee is, that the court erred in giving those numbered one and two, asked on behalf of the appellee company. They are as follows:

1. "The court instructs the jury that the plaintiff in a writ of execution has a right to control the same without interference, and the sheriff must obey his instructions. If he fails to do so he will be liable for whatever damages are occasioned thereby.

2. "The court instructs the jury that when the defendant, the sheriff, received the writ of execution offered in evidence in this case, it was his duty to execute it without delay, according to its command; and if you believe, from the evidence, that the defendant, as such sheriff, refused to execute said writ in accordance with its com-

mand, although instructed and directed so to do by the
plaintiff, and refused to make sale of the goods described
therein at the time advertised, and did then and there,
against the protest and objection of the plaintiff, con-
tinue said sale, then and in such case he violated his duty
as an officer and is liable to the plaintiff in this action,
and your verdict must be for the plaintiff for such dam-
ages, if any shown by the evidence, the plaintiff has suf-
fered."

The only criticism of these instructions which need
have attention is, that they leave out of consideration
the power possessed by sheriffs to postpone a sale under
certain circumstances.    This criticism would be just and
the omission of serious importance if the evidence tended
to show any ground for the exercise by the sheriff of the
power to adjourn a sale.    No material conflict appeared
in the evidence.    The facts disclosed were, that the ap-
pellant, as sheriff, on the 16th day of November, 1893,
received a special execution issued out of the Superior
Court of Cook county, directing him to expose for sale a
steam engine and other articles therein named to satisfy
a judgment in attachment rendered against The Birdsell
Company in favor of the appellee, and that the appel-
lant, as said sheriff, in pursuance of law, duly advertised
the property for sale on the 28th day of November; that
on the 25th day of November appellant was notified that
an application on behalf of one Joseph P. Nye would be
made to Judge Goggin, one of the judges of the Superior
Court, on the 27th day of November, for an order post-
poning the sale; that such application was duly presented
to the said judge on the said 27th day of November, and
that he on the same day refused to make such order post-
poning said sale; that the appellant was immediately, on
the same day, notified by the appellee that it demanded
he should proceed to sell the property on the following
day, as advertised; that on the said 28th day of Novem-
ber,—the day advertised for said sale,—a number of per-

sons were present at the time and place of sale, among them being at least one bidder who was ready, able and willing to bid the full sum of the demands against the property,—an amount not disproportionate to the full value thereof,—but that the sheriff, against the objections of the appellee then made, refused to expose the property for sale and adjourned the sale until a later day. It appeared the sheriff had been notified to appear at the time fixed for hearing the application before Judge Goggin for an order to stay or postpone the sale, and that he knew from rumor, or other unofficial source, that Nye claimed some interest in the property.

The statute with reference to the power possessed by a sheriff to adjourn a sale of personal property is as follows: "The officer may postpone such sale from time to time, not exceeding ten days at one time, whenever, for want of bidders or other good cause, he shall think it for the interest of the parties concerned." (Rev. Stat. sec. 49, chap. 77.) At common law a sheriff was vested with discretion to adjourn a sale if the circumstances and exigencies of the instance demanded a postponement. In the case at bar the sheriff refused to offer the property for sale although several persons were in attendance upon the sale, one of whom, at least, it appeared, was ready and willing to bid the amount of the demands in the sheriff's hands, and although it appeared that a sale at such bid would not have resulted in a sacrifice of the property or been otherwise oppressive. The provision of our statute authorizing a sheriff to postpone a sale for want of bidders does not authorize postponement on the sole ground only one bidder is present. (*State* v. *Johnson,* 1 Hayw. 293.) It was not, and could not be, contended the sale was continued for the want of bidders.

The fact the sheriff had heard, or been unofficially advised, that there was some adverse claim of ownership to the property preferred by Nye, had no effect to authorize him to decline to proceed with the sale. He had been

notified to be present when the demand of Nye for a post-ponement of sale was to be presented to Judge Goggin. Presumably he knew the result of the application, and nothing in the testimony tended to overcome this presumption. The law afforded Nye a remedy by replevin, or he could have availed himself of a trial of the right of property under the statute by filing notice in writing with the sheriff of his claim and of his intention to prosecute the same. A sheriff is only bound to notice claims legally exhibited to him—not bare assertions and declarations. *Dunlap* v. *Berry*, 4 Scam. 327.

The process held by the sheriff was a special execution commanding him to sell the articles therein specified. The mandate of the court amply protected the officer. Nothing in the evidence tended to show the sale would have resulted in a sacrifice of the property. On the contrary, it appeared a bidder was present at the sale for the purpose of bidding the full amount of all the demands against the property,—a sum, in the aggregate, fairly approaching their value. Nothing in the testimony tended to indicate the interests of the parties to the writ demanded the sale should not proceed, or that any "good cause" warranted the officer in refusing to expose the property for sale. The discretion to adjourn a sale possessed by a sheriff at common law, or for "good cause" under our statute, is a legal discretion justified by the exigency of the situation,—not the exercise of an arbitrary preference as to the course the officer will pursue. The execution plaintiff had the right to control the writ, in the absence of a sufficient legal reason for postponing the sale. The evidence developed no such legal cause.

We find in the record no evidence upon which to base an instruction advising a jury as to the exceptions to the general rule the plaintiff in an execution has the right to control the same. Where no evidence is produced tending to establish circumstances which would create exceptions to a general rule, it is not error to omit all reference

to the exceptions in stating the rule to a jury. *Selleck* v. *Selleck*, 107 Ill. 389; *Kellogg* v. *Boyden*, 126 id. 378.

No other alleged errors are discussed in the brief. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*