## F. H. Caldwell v. The Town of Pre-emption.

1. OBSTRUCTION OF HIGHWAYS—*Master and Servant.*—The owner of
a building made a contract with a person to move it to another location
several miles distant; after moving the building a short distance upon
the highway the timbers gave way, and it was left by the contractor in
the middle of the highway, where it remained for more than a month,
a serious obstruction to travel. After some effort by the contractor to
continue the work of removal he abandoned his contract, and the com-
missioners of highways after serving notice upon the owner, moved the
building a short distance and partly out of the highway. In an action
against the owner for obstructing the highway it was *held*, that as
between the owner and the commissioners after the abandonment of

Caldwell v. Town of Pre-emption.

the contract, such owner was bound to take care of the building and was liable for its continuance as a nuisance and obstruction of the highway.

2. SAME—*Costs of Removal by Commissioners.*—When a building in process of removal was left in the highway and became an obstruction to travel, and the commissioners after notice to the owner removed the same to a place partly out of the highway, where it was less of an obstruction than before, *it was held,* that such a removal was within the meaning of the statute so as to authorize a recovery for the costs thereof.

Action, to recover a penalty for obstructing a highway. Error to the Circuit Court of Mercer County; the Hon. HIRAM BIGELOW, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 17, 1897.

BASSETT & BASSETT and THOMASON & CUMMINS, attorneys for plaintiff in error.

SCOTT & COOKE and JAMES H. CONNELL, attorneys for defendant in error.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was a prosecution commenced before a justice of the peace by defendant in error, against plaintiff in error, to recover the statutory penalty for obstructing a public highway, under Sec. 71, Chap. 181, of the Revised Statutes (3 Starr & Curtis, 3581).

On a trial before the justice of the peace and a jury, defendant in error recovered a verdict and judgment against plaintiff in error for $75 and costs, from which judgment he took an appeal to the Circuit Court. On a trial *de novo* in the last named court, the jury returned a verdict against plaintiff in error for $47.50, and on a motion for a new trial being overruled, there was judgment on the verdict.

It appears from the evidence that plaintiff in error owned a store building in the village of Pre-emption, which he desired to remove to Sherrard, some three or four miles distant, and in pursuance of such desire, he contracted with one Daxon, a house-mover, for a price agreed upon, to make such removal. Daxon commenced the work in the early

part of July, 1895, and proceeded far enough to get the building upon the public highway in the village of Pre-emption, which, however, is not an incorporated village. After removing the building a short distance upon the highway, some part of the timbers gave way, and the work was caused to stop for repairs. For some reason there was delay in getting the necessary repairs, and the building was left in the middle of the highway, resting upon the timbers and jack-screws placed under it by Daxon for the purpose of enabling him to accomplish the work of removal. The building was 24x50 feet in dimensions and two stories in height, thus forming a serious obstruction to travel upon the public highway. It remained in the place where Daxon left it until August 6, 1895, a period of some twenty-three days, when the commissioners of highways removed it a distance of about forty rods further east, and as near to one side of the highway as they could get it, where it remained until early in September, when Daxon went on with the work of removal and placed the building on the lot of plaintiff in error, in Sherrard.

On July 22, 1895, the commissioners of highways of the town of Pre-emption caused to be served upon plaintiff in error a notice, of which the following is a copy :

F. H. CALDWELL : You are hereby notified that there is an obstruction in the public road at Pre-emption, Illinois, consisting of a building owned by you, and unless you shall proceed to remove the same forthwith, the commissioners of highways of the town of Pre-emption, Illinois, will proceed to remove the same at your cost, as provided by law. July 22, 1895.

Signed :     COMMISSIONERS OF HIGHWAYS.

On which notice, when received, plaintiff in error made the following indorsement :

" You will have to see Sam Daxon about this obstruction, as I have nothing to do with it. He has the contract to move this building to Sherrard. Signed :     F. H. CALDWELL."

The commissioners of highways also, on July 26, 1895, caused to be served upon plaintiff in error another notice, of which the following is a copy, viz.:

Caldwell v. Town of Pre-emption.

To F. H. Caldwell: You are hereby notified that there is an obstruction in the public road running east and west between sections two and eleven in Tp. 15 N., R. 2 W., in Mercer county, Ill., consisting of a house, or building owned by and left there by persons employed by you to move the same, and unless you move the same within three days from the time of this notice, the commissioners of highways of the town of Pre-emption in Mercer county, Ill., will proceed to remove the same at your cost, and will also proceed against you for damages for obstructing said road, and also for continuing said obstruction.

Signed: Commissioners of Highways.

Plaintiff in error appears to have paid no further attention to the matter until he made a new contract with Daxon, and succeeded in getting the building removed to Sherrard, as above stated. Plaintiff in error insists that upon the facts stated the defendant in error had no right to recovery against him because the building was not placed in the highway by him, but that it was placed there by Daxon, who, it is claimed, was an independent contractor, and was in possession and control of the building under the contract; and secondly, because the commissioners of highways did not remove the obstruction from the highway, but only moved it forty-five rods further east and then left it there.

Authorities are cited to the proposition that where an injury occurs through the fault of an independent contractor, where the relation of master and servant or principal and agent does not exist, the owner of the building where the wrong is done will not be liable. But we do not think they are in point as applied to the facts of this case. The evidence shows a substantial abandonment of the contract by Daxon, and as a matter of fact he never did carry out the first contract, but finally completed the removal of the building under a new agreement. We are of the opinion that after Daxon removed his trucks from the building for the purpose of doing other work, plaintiff in error, as the owner of the building, and as between himself and the public, was bound to take care of it and prevent its continuance as a nuisance or obstruction to the highway.

As to the second contention above mentioned we regard the same as going only to the extent of the right of recovery. It is true the commissioners of highways did not entirely remove the building from the highway, but they did cause it to be so removed as to be less of an obstruction to public travel than it had been where it was left by Daxon. We think this was such a removal within the meaning of the statute as to authorize a recovery for the costs thereof.

Complaint is made of the instructions but we think no serious fault can be found with them, and that they are substantially free from error.

On a careful examination of the whole record, we see no sufficient reason for reversing the judgment and it will be affirmed.

A motion is made by defendant in error to tax the costs of an additional abstract filed by it against plaintiff in error, and as we think there was sufficient reason for the filing of such an additional abstract, the motion is allowed and such costs will be taxed against plaintiff in error. Judgment affirmed.