## C. E. Snively v. E. J. Colburn.

1. Evidence—*Telephone Messages.*—The testimony of persons present as to what they hear a party say through the telephone in ordering merchandise is admissible.

Assumpsit, for merchandise sold and delivered. Trial in the Circuit Court of Peoria County; the Hon. Leslie D. Puterbaugh, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

Chiperfield, Grant & Chiperfield, attorneys for appellant.

Irwin & Slemmons, attorneys for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

Appellee furnished a tent for a campaign meeting held at Canton, Illinois. He was paid twenty dollars and sued appellant for thirty dollars, the remainder of the alleged agreed price for its use and for appellee's services in bringing it, putting it up and taking it away. He recovered a verdict and a judgment for thirty dollars, and this is an appeal therefrom.

Appellee testified he made the contract therefor with appellant over the telephone, and that appellant agreed to pay him fifty dollars for the use of the tent and his services. Appellant testified he gave the order for the tent and agreed upon the price therefor over the telephone, but that he understood that appellee was absent and that he was making a contract with some representative of appellee, acting for appellee. Appellant further testified that in ordering the tent he was not acting for himself, but for a committee of three other persons who were then present in the room with him, and that in making this contract with the person to whom he was talking over the telephone, whether appel-

lee or his representative, he told that person that he was talking for a committee who were there present with him, and that he was ordering it for them. Appellant then offered to prove by the three men that they were present when he ordered the tent over the telephone, and that they heard him make these statements over the telephone in making the contract for the tent. Objection was made to the competency of the testimony, and that objection was sustained, and appellant excepted. This question was settled in favor of the admissibility of such testimony in Miles v. Andrews, 40 Ill. App. 155, and 153 Ill. 262. Following that case we must hold it was error to reject the testimony of the members of the committee as to what they heard appellant say through the telephone in ordering the tent.

Appellee testified appellant paid him twenty dollars at the close of the meeting, and promised to send appellee the balance as soon as he could get the money, in a few days. Appellant testified that appellee was sent to the committee to get his pay, and an order was drawn on a member of the committee for it, but that that man could not be found; that it was late Saturday night, and appellee was anxious to get home that night and had no money with him, and that appellant advanced him the twenty dollars for the committee. In this he is supported by the receipt appellee gave therefor, the body of which is as follows: " Received of C. E. Snively, for Canton Township Republican Committee, twenty dollars, to apply on rental of tent." In this conflict of evidence as to what was said and done after the meeting, it was material to know whether appellant revealed to appellee that he was ordering the tent merely as a spokesman for the committee, or whether he gave the order without disclosing any'one else than himself as the responsible party. The exclusion of the offered testimony as to what was said in ordering the tent therefore requires that the judgment be reversed and the cause remanded for a new trial.

Reversed and remanded.