## Patrick McMulkin v. City of Chicago.

92 331
98 363

1. CITIES AND VILLAGES—*Right to Use Implements Operated by Steam in Constructing Streets.*—A city may lawfully use any proper implement operated by steam for the purpose of constructing or repairing its streets, and in the absence of negligence in its management, is not liable for damages occasioned by a horse becoming frightened thereat.

2. SAME—*When Not Liable for Frightening Horses.*—When a steam roller is lawfully used by a city for the purpose of constructing or repairing its streets, the city is not bound to notify persons approaching it on horseback or driving horses, that it is about to start. Such an obligation would render the use of steam rollers impracticable in populous cities.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed December 6, 1900.

GEO. WILLARD and SIDNEY B. SMITH, attorneys for appellant.

ANDREW J. RYAN, JOHN E. KEHOE and JAMES J. KELLY, attorneys for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The appellee was using a steam roller on Lake street, in the city of Chicago. The appellant was driving a team of horses attached to a wagon on the street. He claims that as he approached the roller, and when within about ten feet of it, it started, and the horses he was driving became frightened and ran away; that they pulled him off his seat onto the pole of the wagon, and that he was dragged some distance along the ground and seriously injured. The court, at the conclusion of the plaintiff's evidence, instructed the jury to find the defendant not guilty, and a verdict and judgment were rendered against appellant.

Sullivan, witness for appellant, testified that appellant

was driving south on the street, and that when his team was within about ten feet of the roller, it started and the team lunged toward the sidewalk and ran south; that the roller was moving north. It appears from the testimony of appellant that before the accident, which occurred July 5, 1890, the steam roller was lying on the street north of where appellant was with his team; that he was absent for a time to get a load of black loam, and that when he returned to Lake street the roller was a block south of him, so that he must have known that the roller was being used. Sullivan, appellant's witness, testified that the roller was being used in repairing the street.

The roller is not described by any witness, nor is there any evidence of what, if any, noise it made. A steam roller is used to press down, uniformly and solidly, as nearly as may be, the material of which a street is composed. This is a matter of common knowledge. The use of such a roller, for the purpose stated, is not negligence. A city may lawfully use any proper implement operated by steam for the purpose of constructing or repairing its streets, and, in the absence of negligence in its management, is not liable for damages, occasioned by a horse becoming frightened thereat. Sparr v. City of St. Louis, 4 Mo. App. 572–3.

The fact that the roller moved, does not in the least tend to prove negligence in its management. It is lawful for the city to use it, and it can not be used for the purpose intended unless moved. It performs its function in moving. Neither can it be successfully contended that it was negligence to start the roller just prior to the accident, without notice to appellant. When such roller is being lawfully used, the city is not legally bound to notify persons approaching it on horseback or driving horses, that it is about to start. Such obligation would render the use of a steam roller impracticable in a populous city.

Complaint is made that the part of the street where the roller was being used was not closed. We are not prepared to hold that it was the duty of the city to close up that part of the street while it was undergoing repair. The

city is a trustee of the streets for the public use, and it may have been largely conducive to the public convenience to permit the street to remain open while it was being repaired. Appellant, however, had, as his own testimony shows, ample notice that the roller was being used in repairing the street. There are many things in the streets of a populous city, such as Chicago, calculated to frighten horses, in respect of which no damages can be recovered if a horse is frightened by any of them and runs away, causing injury. See Keith v. Easton, 2 Allen, 552, for causes frightening horses, in respect of which there can be no recovery.

Appellant's attorney asked the witness Sullivan a question as to what the effect of the operation of a steam roller was on horses, the witness having stated that he had driven horses in Chicago twenty-five years. The court ruled against this and other similar questions, as we think, properly. If it be true that a steam roller might frighten horses, ordinarily gentle, this would not exclude the use of such rollers by the city, or tend to prove negligence on the part of the city.

The judgment will be affirmed.