## City of Elgin v. Kate Thompson.

1. CITIES AND VILLAGES—*Negligence in Unnecessarily Allowing a Steam Roller to Remain in the Street.*—Unnecessarily allowing a steam roller to remain in a street as an object calculated to frighten ordinarily gentle horses after the street is substantially finished and open to public travel and its use on the street ended, it being simply stored there until wanted elsewhere, and the city officers notified that as so stored it was frightening horses, is sufficient to render the city liable for damages resulting from the frightening of horses by such roller.

City of Elgin v. Thompson.

2. SAME—*Duty of Keeping the Streets in Suitable Condition.*—It is the right and duty of a city to use reasonable care to put its streets in suitable condition for public travel, and it has the right to use the best appliances for that purpose, but in so doing it must use such reasonable care as the circumstances will permit to avoid injury therefrom to the traveling public while the street is being improved.

3. SAME—*Right to Use a Steam Roller.*—A city, as well as its contractors, has the right to use steam rollers with due care in improving streets, and also the right to temporarily leave such rollers properly guarded, in some appropriate place on the street, while the work progresses.

4. EVIDENCE—*That Other Horses Were Frightened by the Steam Roller in the Street, Competent.*—In an action against a city for personal injuries resulting from the frightening of a horse by a steam roller, evidence that other horses were frightened by the sight of such roller as it stood in the street, is competent as tending to show that it was dangerous and unsafe.

5. WAIVER—*Of a Motion to Exclude Evidence.*—A motion by a defendant at the close of the plaintiff's case to exclude the testimony, is waived by the act of such defendant in subsequently offering evidence in his own behalf.

6. SAME—*Of Grounds of Error Not Stated in His Motion for a New Trial.*—By filing points in writing particularly specifying the grounds of his motion for a new trial the defendant waives all reasons not so specified.

7. PLEADING—*Defects Cured by the Verdict.*—In an action for personal injuries, where there is in the declaration a defect or omission in form or substance which would have been fatal on demurrer, if an issue joined upon it is such as necessarily requires proof of the matters defectively stated or omitted, without which it can not be presumed that the judge would direct, or the jury would return a verdict, such defect or omission is cured by the verdict.

Trespass on the Case, for personal injuries. Appeal from the City Court of Elgin; the Hon. RUSSELL P. GOODWIN, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed October 8, 1901.

CHARLES H. FISHER and J. M. MANLEY, attorneys for appellant.

ROBERT S. EAGAN and JOHN R. POWERS, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Ethel Magnus, between fourteen and fifteen years of age,

was driving her father's horse and buggy in the city of Elgin, on Sunday afternoon, July 1, 1900, and had with her Kate Thompson, nineteen years of age. A steam roller stood on the west side of South Liberty street just south of Chicago street. As they approached it the horse took fright at the roller, turned around quickly, tipped over the buggy and ran. Miss Thompson was injured and brought this suit against the city of Elgin to recover damages therefor. The declaration contained two counts. Defendant pleaded not guilty, and there was a jury trial. [At the close of plaintiff's evidence defendant moved to exclude the testimony and presented an instruction to find defendant not guilty. The court denied the motion and refused the instructions, and defendant excepted. The same course was pursued at the close of all the evidence.] The jury awarded plaintiff $175. [Motions for a new trial and in arrest of judgment were made by defendant and denied, and plaintiff had judgment on the verdict. Defendant appeals]

It is argued the court erred in permitting plaintiff to prove that other horses were frightened by the sight of the roller as it stood in the street. The competency of such proof as tending to show that the common cause is dangerous and unsafe, must be regarded as settled for this State by City of Chicago v. Powers, 42 Ill. 169; City of Bloomington v. Legg, 151 Ill. 9; Fraser v. Schroeder, 163 Ill. 459.

[The motion and instruction presented by defendant at the close of plaintiff's proof, were waived by defendant when it thereafter offered proof on its own behalf] (Gilbert v. Watts-DeGolyer Co., 169 Ill. 129.) The motion at the close of all the proof, was to exclude plaintiff's evidence. It was claimed that there was a variance between the proof and the second count as to the place where plaintiff was driving when the horse took fright. The second count did charge plaintiff was passing along Chicago street, and this was not true; but that count also alleged the roller stood on South Liberty street, and that when at or near said roller the horse became frightened, and overturned upon said South Liberty street the vehicle in which plaintiff was driving, etc., so that there

City of Elgin v. Thompson.

was no substantial variance in that respect. It was also urged in support of said motion that plaintiff's proof did not show she was in the exercise of ordinary care, or that defendant did anything or failed to perform any duty imposed upon it by law which caused the accident. The proof on these subjects was conflicting, and the court did not err in denying the motion and refusing the instruction then offered.

It is argued the court erred in refusing certain instructions offered by defendant as to the right of the city to stand a steam roller in a public street, both generally, and also while repairs upon the street are in progress which require the use of the roller. [The defendant filed its written reasons for a new trial, and the only reference therein to instructions offered by defendant was that the court erred in refusing the first and second instructions offered by defendant. This referred to the instructions offered at the close of plaintiff's evidence and at the close of all the evidence, already discussed.] The court gave the first and second instructions requested by the defendant after the two just mentioned. (By filing points in writing particularly specifying the grounds of its motion for a new trial defendant waived all reasons not enumerated.) (West Chicago St. R. R. Co. v. Krueger, 168 Ill. 586.) Therefore defendant's assignment here, that the court erred in refusing defendant's instructions, can not avail to present the propriety of those rulings for decision here, for if the refusal was error, that error was waived by the omission of the point from the specifications of the motion for a new trial. That motion did specify the giving of the single instruction for plaintiff on the measure of damages as a ground for a new trial. That instruction is subject to serious criticism in not distinctly telling the jury the award of compensation must be based upon the evidence, and in urging the jury to "fully" compensate plaintiff, if they found for her. But the sum awarded is so slight in view of the injuries sustained that we think it manifest the jury was not misled.

The city entered into a contract with the Rutledge Con-

struction Company to pave Chicago street with brick. It
then leased its steam roller to the Construction Company
for that work. After the work reached a certain stage the
company placed the roller on South Liberty street, which
crossed Chicago street. The sidewalk on South Liberty
street stood several feet above the grade for the travel. of
teams, on what was called the tree bank. The roller was
placed against the west tree bank. The roller was eight or
nine feet high, sixteen or eighteen feet long, and six or
seven feet wide. It was covered with a canvas or had can-
vas curtains, which flapped in the wind. The space east of
the roller where teams could travel was from thirty to forty
feet wide. The roller was shown to be an object calculated
to frighten ordinarily gentle horses. There was proof
tending to show it had stood there a week or more; that
Chicago street was substantially finished and open to pub-
lic travel; that the use of the roller on that street was ended
and it was simply stored there till wanted elsewhere; that
on the Thursday or Friday before the injury the street
superintendent was notified that the roller was frightening
horses; that the mayor was told some time before the day
of the injury that every horse was frightened by it and some-
body would be killed. There was counter proof that the
paving of Chicago street was not completed; that the con-
tractor was waiting for more brick to complete a small
unfinished part of the job, and that the roller had been
standing on South Liberty street only three days or less.
There was no direct proof that when the roller was left on
South Liberty street it was intended to use it again on Chi-
cago street, but such is the inference. There was no proof
it was used again on that improvement. The mayor and
street superintendent each testified he did not remember
receiving the notice proved by plaintiff, but did not deny
it. We do not doubt that the city and its contractor had
the right to use a steam roller with due care in improving
its streets, and had the right to temporarily leave the roller
properly guarded in some appropriate place on the street,
and could not be required to have a vacant lot near each

improvement where the roller could be stored each night and over Sunday while the work progressed. The progress of the age demands better roads. It is the right and the duty of a city to use reasonable care to put its streets in suitable condition for public travel. It has the right to use the best appliances for that purpose, but must use such reasonable care as the circumstances permit to avoid injury therefrom to the traveling public while its street is being improved. We are of opinion it is not liable for an injury occurring from its discharge of its duty in that manner. (McMulkin v. City of Chicago, 92 Ill. App. 331.) But we are not prepared to hold that after the use of the roller had ceased, it may be left indefinitely on the streets as a place of storage with curtains flapping in the wind, after it has frightened horses and teams and the proper officials have had notice of that fact, and a reasonable time in which to remove it. Therefore in the conflicting condition of the testimony we are unable to say the verdict was not warranted by the proof. Whether the young ladies were exercising due care for their personal safety might have been decided either way under the proof, but we do not feel warranted in disturbing the conclusion of the jury on that subject.

The allegations of the declaration were meager. While the first count said the city negligently permitted the roller to remain in South Liberty street near the beaten driveway several days, " to the annoyance, discomfort and danger of the public driving along and upon said street," and that when the horse drawing plaintiff approached the roller he became frightened and unmanageable and ran away, etc., it did not in express terms say the roller was calculated to frighten horses or did frighten the horse drawing plaintiff, nor that the city should have known or did know it was calculated to frighten horses, in time so it could have removed it before said injury. The second charged the roller was " of large dimensions and unusual appearance," and that it frightened the horse drawing plaintiff, etc., but did not directly charge that the roller

was calculated to frighten horses, nor that the city had notice. The declaration was not questioned by demurrer. After verdict the rule is, where there is a defect or omission in a pleading, in form or substance, which would have been fatal on demurrer, yet if the issue joined is such as necessarily requires proof of the facts defectively stated, or omitted, without which it can not be presumed that the judge would direct or the jury would give a verdict, such defect, imperfection or omission is cured by the verdict) (Twin City Gas Works v. The People, 156 Ill. 387; Cribben v. Callaghan, 156 Ill. 549.) In B. & O. S. W. Ry. Co. v. Then, 159 Ill. 535, the necessary averment that deceased was in the exercise of due care was not contained in the declaration. It was held that after the verdict the declaration was good. In City of East Dubuque v. Burhyte, 173 Ill. 553, it was said that if certain counts were defective in not averring notice to the city they were good after verdict. In Gerke v. Fancher, 158 Ill. 375, it was held that if the necessary matter is averred argumentatively, or may be inferred from the language used in the declaration, it will be good after verdict. In the present case we conclude the declaration sufficient after verdict.

Finding no reversible error in the record as presented to us for decision, the judgment is affirmed.