## Frank Galt v. Edward Woliver.

1. EVIDENCE—*That Other Horses Were Frightened at an Obstruction in the Road.*—Evidence that other horses were frightened by an obstruction in the road is competent as tending to show that it was dangerous and unsafe, and that horses were likely to be frightened by it.

2. TELEPHONES—*Conversations Over.*—Proof of a conversation over the telephone is competent.

3. HIGHWAYS—*Leaving Obstructions in.*—It is unlawful to leave standing upon a public highway from one to four months, a machine whose appearance is calculated to frighten ordinarily gentle horses passing by, and he who does so is liable to a person who, in the exercise of due care, is injured by the actions of an ordinarily gentle horse caused by his fright at the obstruction.

4. PLEADING—*Averments Laid Under a Videlicet.*—An averment laid under a videlicet need not be proved precisely as laid.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

C. L. SHELDON, attorney for appellant.

H. H. WAITE and C. C. McMAHON, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was an action on the case brought by Woliver against Galt. In an appropriate declaration plaintiff charged that defendant had a large machine, called a corn shredder, of such size, shape, color and unusual appearance as to be likely to frighten ordinarily gentle horses, if it was left on the public highway unattended; that defendant left said machine for several months unattended on a public highway known as the Erie and Denrock road, defendant knowing the danger to persons driving along said highway because of the strange appearance of said machine and its tendency to frighten horses; that defendant unlawfully, and in willful disregard of the rights of the public and of the directions of the highway commissioners in charge to remove said machine, neglected and refused to remove it, and unlawfully allowed it to remain in the highway; that on August 3, 1900, plaintiff with all due care was traveling on said highway in a buggy drawn by a horse of an ordinarily gentle disposition, carefully and prudently driven; that said horse became frightened by said machine and unmanageable and threw plaintiff from said buggy to the ground, and plaintiff's leg was broken, and he was seriously and permanently injured. Defendant pleaded not guilty. Plaintiff obtained a verdict for $750 and a judgment thereon. Defendant appeals. It is conceded the damages are not excessive.

Defendant's servants were hauling said machine by a road engine. Two cogs of certain machinery broke, and defendant's servants were obliged to leave the machine at the side of the road. Defendant claims it was so left on June 22d. Plaintiff claims defendant left it there the last of

March or first of April.  The preponderance of the proof
on this subject is with plaintiff, but the date is of slight
importance, for even by defendant's claim the machine was
left there from June 22d to August 3d, and no reasonable
excuse appears for thus obstructing a highway for that
length of time.  Whether the machine was calculated to
frighten ordinarily gentle horses was a question of fact for
the jury.  It was described by many witnesses.  It did
frighten this horse.  The proof is other horses had shied
at it, and that the traveled way had veered to one side at
that point because horses would not go straight by it.  Evi-
dence that other horses were frightened by it was compe-
tent, as tending to show it was dangerous and unsafe, and
that horses were likely to be frightened by it.  City of
Elgin v. Thompson, 98 Ill. App. 358.  It is argued that the
horse was frightened by an umbrella carried in the buggy,
and not by the shredder. " The umbrella had been up while
the parties traveled two and a quarter miles, and the horse
did not take fright till he was opposite the machine.  This
was a question for the jury, and we do not doubt it was cor-
rectly decided.  It is argued there is no sufficient proof the
place of the accident was a public highway.  The proof was
that it was the main traveled thoroughfare between Erie
and Denrock, was fenced on each side, had been traveled as
a public highway from forty to sixty years, and was in
charge of a highway commissioner.  The proof that it was
a public highway was ample for this collateral proceeding.
The court admitted proof that one Shaw, a telephone man-
ager, at the request of the highway commissioner, had two
conversations with defendant, the first of which, at least,
was over the telephone.  At the first conversation Shaw
told defendant he was instructed to tell him his shredder
was in the road, that it was a menace to the safety of the
traveling public, and that he was asked to remove it, to
which defendant replied that the roads were muddy and the
weather was bad, and he would remove the machine as
soon as the roads became passable or in condition so he
could.  Ten days or two weeks later Shaw conveyed to

defendant the message that the obstruction was still in the road; that the roads were getting hard and it was possible for him to remove it; that it was still a menace to the traveling public and teams could hardly be gotten by it, and defendant replied he would attend to it as soon as he could get a man down there to look after it. This was a considerable time before plaintiff was injured. The objection to this was that a notice thus sent was immaterial and incompetent. Notice to the plaintiff of the danger to teams was competent, even if it did not clearly appear that he was told the notice was from the highway commissioner. It seems to be argued here that it was not competent to prove such a conversation over a telephone. Shaw testified it was the defendant he talked with, which clearly implied he recognized defendant's voice, and he was not cross-examined. Proof of a conversation over the telephone is competent. Snively v. Colburn, 78 Ill. App. 93. Defendant testified he did not remember such a conversation. It was for the jury to decide whether it was had. It is argued plaintiff jumped from the buggy instead of being thrown from it, and therefore he can not recover under the declaration. As the horse began to plunge, plaintiff who was driving, was pulled from the seat and then fell back upon it, and the supports of the seat on that side broke down, and he fell out of the wagon. It is entirely possible that as he fell he may have attempted to save himself by jumping or springing, but that would not show the charge he fell was not proven, nor was any such variance pointed out by objection to the testimony, so as to give plaintiff an opportunity to amend. It is clear from the proof he fell, even if as he fell he also jumped or tried to do so. We hold that it was unlawful to leave standing upon a public highway from one to four months a machine whose appearance is calculated to frighten ordinarily gentle horses passing by, and that he who does so is liable to a person who in the exercise of due care is injured by the actions of an ordinarily gentle horse caused by his fright at the obstruction. City of Elgin v. Thompson, *supra;* Caldwell v. Town of Pre-emption, 74 Ill. App. 32.

The court modified some instructions offered by defendant, and refused others. The given instructions fully stated the law of the case from defendant's standpoint. The declaration gave the dimensions of the shredder, and defendant sought to have the court instruct the jury this description was material, and if not proved as alleged the verdict must be for defendant; and he contends the proof did not sustain the dimensions given in the declaration. There was a discrepancy in the proof as to the size, but plaintiff had plenty of proof it was of about the size averred. But the averment was under a *videlicet*, and did not require to be proved precisely as laid. The exact size was not material. The material thing was that it was of such size, shape and appearance, as to be calculated to frighten ordinarily gentle horses. We find no reversible error in the record.

The judgment is therefore affirmed.