United States Brewing Co. v. Stoltenberg.

## The United States Brewing Company v. Henry N. Stoltenberg, Admr.

### Gen. No. 11,236.

1. MOTION IN ARREST—*when alleged error in overruling, is waived.* Where such a question appears to have been discussed in the briefs as originally printed and such discussion stricken therefrom, such question is deemed to have been waived.

2. ORDINARY CARE—*when allegation of, is sufficient.* An allegation negativing the fact of contributory negligence set forth at the conclusion of a declaration, containing several counts, is, in the absence of demurrer, deemed to refer to each count and is sufficient.

3. ORDINARY CARE—*how, may be established in accident case resulting in death.* The degree of care exercised by each of the parties in such a case may be determined by circumstantial evidence or may be inferred by the jury-from circumstances appearing in proof.

4. AIDER BY VERDICT—*effect of.* Where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection on demurrer, yet if the issue joined be such as necessarily required on the trial proof of the facts so imperfectly or defectively stated or omitted, and without which it is not to be presumed that the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by verdict.

5. CONTRIBUTORY NEGLIGENCE—*who cannot be guilty of.* A child of four years, because of its tender age, cannot be guilty of or charged with carelessness or negligence in respect to an accident so as to relieve the defendant from a failure to exercise due care.

6. PREPONDERANCE OF EVIDENCE—*approved instruction upon.* An instruction which tells the jury that if they find from the evidence " that the plaintiff has made out his case by a preponderance of the evidence as alleged in his declaration, then the jury should find the defendant guilty," is good.

7. MEASURE OF DAMAGES—*instruction upon, in accident case resulting in death, approved.* An instruction upon this subject, as follows, is approved :

" If you find a verdict in favor of plaintiff, you are not confined, in assessing the damages, to the pecuniary value of the services of the deceased child to his next of kin until he would have arrived at the age of 21, but the jury may consider the pecuniary benefit which the next of kin might have derived from said deceased had he not been killed, at any age of his life."

8. INSTRUCTIONS—*constitute entire charge.* The instructions given in a case constitute a series and should be read and considered as such.

9. ORDINANCE—*effect of, upon question of negligence.* Where a municipality has, pursuant to statute, enacted an ordinance prohibiting the riding or driving of horses, etc., at a greater speed than six miles per hour, a violation of such ordinance constitutes a *prima facie* case of negligence where such violation caused or contributed to the injury.

10. VERDICT—*when, not set aside as excessive.* A verdict will not be disturbed by the Appellate Court where there is nothing in the record to show that the jury were influenced by passion or prejudice or by any other improper motive, and in this case a verdict and judgment for $5,000 where the deceased was at the time of death but four years of age is sustained.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed March 31, 1904.

F. J. CANTY and J. C. M. CLOW, for appellant.

ALEXANDER SULLIVAN, for appellee; FRANCIS J. WOOLLEY, of counsel.

MR. JUSTICE BALL delivered the opinion of the court.

Appellee as administrator of John F. McHale, deceased, brought suit and recovered a judgment of $5,000 against appellant for negligence which caused the injury and death of McHale. The deceased, an infant four years of age, was run over by a wagon belonging to appellant and killed August 27, 1901. Leavitt street in Chicago runs north and south. It is crossed by Huron street, which runs east and west. The wagon was being driven by a servant of appellant north on Leavitt street. The child was run over on Leavitt street within twenty-five to seventy-five feet north of Huron street.

The first contention of appellant is that neither count of the declaration states a good cause of action. Appellant did not demur to the declaration, but went to trial upon the general issue. No specific defect is pointed out. It is true that appellant at one time apparently intended to argue a motion in arrest of judgment, for its brief as printed contains several pages devoted to a discussion of that subject; but, as such briefs come to us, these pages are marked

out. With this withdrawal go all specific references to alleged defects in the declaration.

Although we are not called to search the declaration for defects which appellant has neglected to point out, we have examined it. The defect seems to be that while the action is brought for the benefit of the next of kin to recover damages for the death of the deceased, the several counts fail to aver the exercise of due care on the part of its parents. At the end of the last count, however, it is stated, " And plaintiff further avers that the said injury to the deceased occurred without contributory negligence on the part of any of the next of kin of said deceased." The matter here alleged was common to each count of the declaration, and the pleader, instead of alleging it in each count, stated the fact in apt language at the conclusion of the counts. While the declaration as framed might have been obnoxious to a demurrer, (a point we do not decide,) the defect was waived and cured by pleading over. L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 557. Further, it is an elementary rule of pleading that " where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so imperfectly or defectively stated or omitted, and without which it is not to be presumed that the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by verdict." 1 Chitt. Pl. (14th Am. ed.) 675. In order to recover it was necessary for appellee to prove, and he did offer evidence tending to prove, the exercise of due care upon the part of the parents. Thus the omission of such allegation, if it was omitted, is cured by the verdict. B. & O. S. W. Ry. Co. v. Then, 159 Ill. 536; L. S. & M. S. Ry. Co. v. Conway, 67 Ill. App. 158.

The second contention of appellant is that the verdict is against the weight of the evidence. The following facts are undisputed: on the northeast corner of this street intersection is a grocery store. In front of it, parallel to

the curb and close to it, stood the grocery wagon without the horse. The box of this wagon was three feet seven inches in width. Three or four little children were playing on the street and east sidewalk north of this wagon. The tracks of a street car line had recently been removed from Leavitt street and the space they occupied had been filled in with cobble stones and gravel. The driver was on his way to the barn. His wagon, loaded with bottles, was drawn by a team of mules. On the seat with the driver sat his little boy. The driver did not see the deceased or know that he had run over the child until one of the witnesses called to him to stop. The wagon was traveling in the space formerly occupied by the street car rails. This space at its nearest point is shown to be twelve feet west of the east curb of Huron street. Both the east wheels of the wagon ran over the child. The father of deceased was away from home at his work and the mother was doing the family washing. The child five minutes before it was killed had left her to go into the back yard, which was entirely enclosed and the gates were fastened. The evidence of appellee tended to show that the deceased was at the place where he was run over and in plain sight of the driver, had he looked, when the wagon was more than twenty-five feet south of that point; that this place was twenty-five feet north of the grocery wagon and twelve feet from the curb; that the child, with two other small boys, was picking up stones and gravel; that the other two ran back, but when deceased turned to go back, he tripped and fell, and before he could get up the wagon was upon him; that the wagon was going at the rate of ten to fifteen miles per hour; the witness Creed, who had twelve years experience in driving, and who was at the northeast corner of this intersection, says the speed was from ten to twelve miles per hour, and Flannigan, with fifteen years of like experience, and who was at the same corner, swears that the speed was eight or ten miles per hour; that the driver sat stooped over, with his arm around his little boy, talking to the boy, with his face to the west, and that he did not

United States Brewing Co. v. Stoltenberg.

slacken the speed or turn his wagon to the right or left until after the deceased was run over. This is a summary of the evidence of five witnesses who saw the accident. Two other witnesses testify as to the position of the grocery wagon, and one other as to the place from where the boy was picked up.

The evidence of appellant tended to prove that just as its team was about opposite the grocery wagon, proceeding north on an ordinary trot, the deceased suddenly ran from behind the grocery wagon so as to be struck by the wagon of appellant and run over and killed. Charles Booker swears that he was sitting at a north window of the second flat of the building which stands on the southeast corner of this intersection; that the wagon was going north, the mules being on "a common trot," and that it passed within two feet of the grocery wagon, and that just as it was passing, the deceased ran out from behind the grocery wagon and was knocked down either by the mules or by the wagon. Fred Fischer, the driver of appellant's wagon, testified that when he had gone about thirty feet beyond this intersection he heard a scream, and looking around he saw a lady picking up a child; that he did not see any children there; that he saw the grocery wagon, and the child was picked up just about even with the end of that wagon and three feet west of it; that his speed was about four miles per hour; and that his little boy was with him, but he did not have his arm around the child, nor was he laughing or joking with him.

Appellant called no other witnesses as to the accident. It thus appears the jury was fully justified in its finding that appellant, through its servant, the driver, was guilty of negligence, and that the parents of the deceased were not guilty of contributory negligence which helped to bring about this lamentable result. Deceased, a child four years of age, because of his tender years, cannot be guilty of or be charged with carelessness or negligence in respect to this accident so as to relieve appellant from any want of due care in the premises. Chicago City Ry. Co. v. Tuohy,

196 Ill. 418; I. C. R. R. Co. v. Jernigan, 198 Ill. 298.   The
verdict is not contrary to nor is it against the greater
weight of the evidence.

Counsel for appellant say that instruction No. 1, given
at the request of appellee, is erroneous.   It tells the jury
if they find from the evidence·" that the plaintiff has made
out his case by a preponderance of the evidence as alleged
in his declaration, then the jury should find the defendant
guilty," etc.   It is sufficient for us to say that this form
has been approved in City of LaSalle v. Kostka, 190 Ill.
138, North Chicago St. Ry. Co. v. Polkey, 203 Ill. 231,
and Chicago City Ry. Co. v. Carroll, 206 Ill. 331, and cases
therein cited.

The second given instruction reads:   " If you find a ver-
dict in favor of plaintiff, you are not confined, in assessing
the damages, to the pecuniary value of the services of the
deceased child to his next of kin until he would have arrived
at the age of twenty-one, but the jury may consider the
pecuniary benefit which the next of kin might have derived
from said deceased had he not been killed, at any age of
his life."   This instruction is substantially correct.   It is
almost a literal copy of one which is declared to be good in
B. & O. S. W. Ry. Co. v. Then, 159 Ill. 538, and which is
followed and approved in N. Chicago St. Ry. Co. v. John-
son, 205 Ill. 33.   Further, the instructions given constitute
a series and should be read and considered as such.   C. &
E. I. Ry. Co. v. Hines, 131 Ill. 169.   By given instruction
No. 22 the jury are told fully and in detail how they shall
proceed in estimating the pecuniary damage.

Instruction No. 3 as given did not mislead the jury.   Its
form is approved in C., P. & St. L. Ry. Co. v. Lewis, 145 Ill.
67.   Given instruction No. 4, which is objected to, is governed
by what we have said concerning No. 1, and by Chicago
City Ry. Co. v. Tuohy, 196 Ill. 427.   Instruction No. 5 is
claimed to be erroneous because it tells the jury that they
may consider the circumstantial evidence, if any, in the
case.   No evidence of this character appearing in the ab-
stract is objected to.   In North Chicago St. Ry. Co. v.

Rodert, 203 Ill. 415, the court say: "The degree of care exercised by each of these parties may be determined by circumstantial evidence, or, as has at other times been stated, may be inferred by the jury from circumstances appearing in proof."

The next assignment of error is that the trial court erred in admitting in evidence, over the objection of appellant, an ordinance of the city of Chicago, which reads: "Sec. 1259. No person shall ride or drive any horse or horses, or other animal, in the city of Chicago, with greater speed than at the rate of six miles an hour, under a penalty of not more than $10 for each offense, to be recovered from the owner or driver thereof, severally and respectively."

While it is admitted that a violation of a statute is *prima facie* evidence of negligence, it is declared that the city council cannot change the common law and thereby make an act negligent which in the absence of the ordinance would not be negligent, nor by ordinance create civil liabilities between citizens, unless such power is specially conferred by the legislature.    By reference to section 62, chapter 24, Revised Statutes, it will be seen that express power is given to the city council to regulate the use of streets. Therefore this ordinance has the force and effect of a statute, and its admission was not error.    A violation of this ordinance constitutes a *prima facie* case of negligence, if that violation caused or contributed to the injury received by the deceased.    Morse v. Sweenie, 15 Ill. App. 490; Maxwell v. Durkin, 86 Ill. App. 261; Siddall v. Jansen, 168 Ill. 47; Channon Co. v. Hahn, 189 Ill. 28; True v. Woda, 201 Ill. 315.

The final contention of appellant is that the verdict is excessive.    The trial was a fair one.    We find no reversible error in the admission or in the rejection of testimony. The jury were fully and properly instructed as to the law of the case.    The statute by express words commits the question of what is a just and fair compensation to the jury. There is nothing in the record to show that they were influenced by passion or prejudice, or by any other improper

motive. The amount found is within the limit of recovery authorized by the statute which creates the cause of action. In this state of the case we are committed to the doctrine that we will not interfere with the verdict upon the sole ground that it is excessive. C. & A. Ry. Co. v. Kelly, 28 Ill. App. 661; West Chicago St. Ry. Co. v. Stoltenberg, 62 Ill. App. 420; Cicero & Proviso St. Ry. Co. v. Boyd, 95 Ill. App. 514.

The judgment of the Circuit Court is affirmed.

*Affirmed.*