E. M. Willoughby et al., trading as Willoughby & Company, Defendants in Error, v. Philip S. Brown, Plaintiff in Error.

### Gen. No. 19,428.

1. Principal and agent, § 113*—*when agent may employ broker.* Authority to sell or lease does not imply authority in the agent to employ a broker.

2. Principal and agent, § 168*—*when agent is individually liable.* An agent who employs a broker to procure a lessor for premises is individually liable for the services of such broker, when his act is not authorized, even though such agent has no interest in the property involved.

3. Appeal and error, § 1238*—*when appellant cannot complain of error below.* In a suit by brokers for commissions in procuring a tenant against an agent and an owner of property, it could not be contended that there could be no recovery against the agent alone, when the plaintiff, before verdict, dismissed the suit as to the owner.

4. Municipal corporations, § 103*—*when ordinance must be proved.* The court cannot take judicial notice of an ordinance.

Error to the Municipal Court of Chicago; the Hon. John K. Prindiville, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 21, 1914. Rehearing denied January 4, 1915.

Edwy Logan Reeves, for plaintiff in error.

Adler & Lederer, for defendants in error.

Mr. Justice Baker delivered the opinion of the court. This writ of error brings in review a judgment entered on a verdict for plaintiffs against plaintiff in error Brown in the Municipal Court on an agreement to pay plaintiffs $846 as commissions for finding a tenant ready and willing to accept a lease for ninety-nine years of certain real estate on the terms offered by Brown.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mary E. Ryan was the owner of the real estate and had given Brown a power of attorney to sell and convey the same. The power of attorney did not give authority to lease, nor did it give authority to employ a broker. Brown stated to plaintiffs that he was authorized to lease said real estate. Authority to sell or lease does not imply authority in the agent to employ a broker. *Doggett v. Greene*, 254 Ill. 134.

The promise by Brown to pay defendant for this service in finding a man ready, able and willing to accept a lease was binding on him individually. *Sadler v. Young*, 78 N. J. Law 594.

It was not necessary that Brown have any interest in the property placed by him in the hands of plaintiffs, to bind him personally by a promise to pay commissions. *Payne v. Twitchell*, 81 N. J. Law 193.

It is a sufficient answer to the contention that as the suit was originally against Brown and Mrs. Ryan, there could be no recovery against Brown alone, that the plaintiff, before verdict, dismissed as to Mrs. Ryan. *Malleable Iron Range Co. v. Pusey*, 244 Ill. 184.

There is in the record no ordinance requiring real estate brokers to be licensed. This court cannot take judicial notice of an ordinance, and the contention of plaintiff in error that the judgment must be reversed because no license was proved is without merit.

We think that on the facts shown by this record the jury properly found a verdict for the plaintiffs, and the judgment is affirmed.

*Affirmed.*