## Maurice Riordan, Appellee, v. Thompson-Starrett Company, Appellant.

### Gen. No. 21,837.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MAZ-ZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed March 28, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Maurice Riordan, plaintiff, against Thompson-Starrett Company, defendant, to recover damages for personal injuries sustained by plaintiff falling from a stairway while employed in a building being constructed by defendant as contractor. From a judgment for plaintiff for $4,000, defendant appeals.

BRUNDAGE, LANDON & HOLT, for appellant.

JAMES E. McSHANE, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 216*—*when allegations in declaration in action for negligence sufficient on motion for arrest of.* In an action to recover damages by an employee of a subcontractor against a contractor for personal injuries sustained by falling from a stairway in an uncompleted building, an allegation in the declaration that at the time of the accident the plaintiff was necessarily using the stairway in the discharge of his duty as such employee, *held* not to be a conclusion but a sufficient allegation of fact, on a motion in arrest of judgment, notwithstanding the declaration may have been demurrable.

2. JUDGMENT, § 216*—*when allegations as to duty of contractor towards employee of subcontractor sufficient* on motion for arrest

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*of.* In an action by an employee of a subcontractor against a contractor to recover damages for personal injuries sustained by falling from a stairway in an uncompleted building, an allegation that the defendant undertook to provide and did provide stairways for the use of the men and to see that they were properly lighted, but that he failed in this respect, *held* to be a sufficient allegation of a duty owing from the defendant to the plaintiff, on a motion in arrest of judgment, notwithstanding the declaration may have been demurrable.

3. NEGLIGENCE, § 198*—*when contributory negligence of employee of subcontractor using defective stairway is question for jury.* In an action by an employee of a subcontractor against a contractor to recover damages for personal injuries sustained by plaintiff falling from a stairway in an uncompleted building, where the stairway was completed except for a handrailing which could not be built until other work was completed, and was used generally by the workmen, several hundred of whom passed up and down it daily, and plaintiff had used it twice before on the day of the accident, and the accident occurred in the evening when the stairway was dark, so that some of the men coming down were striking matches in order to see, *held* that the question whether plaintiff was at the time of the accident in the exercise of ordinary care for his own safety was one of fact for the jury.

4. NEGLIGENCE, § 88*—*when doctrine of assumed risk not applicable.* The doctrine of assumed risk is only applicable to a case where the relationship of master and servant exists, and is not applicable to the case of an employee of a subcontractor as against the contractor for the construction of a building, in an action by such employee against such contractor to recover damages for injuries sustained by plaintiff falling from a stairway having no railing, in the dark, while he was' employed in such building.

5. NEGLIGENCE, § 33*—*when rule as to safe place where conditions are changeable inapplicable.* In an action by an employee of a subcontractor against a contractor to recover damages for personal injuries sustained by plaintiff falling from a stairway in an uncompleted building while he was employed therein, *held* that the rule that an employer must furnish an employee a reasonably safe place in which to work does not apply where the condition was changing from time to time in the prosecution of the work was not applicable, as the evidence was conflicting as to the stairway in question being completed and the question was for the jury.

6. NEGLIGENCE, § 191*—*when question whether stairway is under control of independent contractor is for jury.* In an action against a contractor to recover damages for injuries sustained by an em-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ployee of a subcontractor by falling from a stairway under construction, the question whether the stairway was at the time of the accident under the control of an independent contractor *held* to be for the jury.

7. NEGLIGENCE, § 133*—*when no variance between declaration and proof in action by employee of subcontractor against contractor.* In an action by an employee of a subcontractor against a contractor to recover damages for personal injuries sustained by plaintiff falling from a stairway, where the declaration alleged that the defendant had provided such stairway for the use of the workmen in the construction of the building but that it was not properly guarded by a handrailing, and the evidence tended to establish such allegation, *held* that it was not open to the objection of variance, notwithstanding the evidence failed to sustain the further allegation in the declaration that the defendant had constructed the stairway.

8. APPEAL AND ERROR, § 438*—*when objection of variance may not be raised.* Where an objection of variance between the declaration and the proof in a negligence action is not raised in the trial court it cannot be urged on appeal.

9. NEGLIGENCE, § 162*—*when evidence of custom is immaterial.* In an action by the employee of a subcontractor against a contractor to recover damages for personal injuries sustained by falling from a stairway in an uncompleted building being constructed by the subcontractor, evidence of a custom that the general contractor and not the subcontractor erected railings on temporary and permanent stairways erected by subcontractors and used by employees *held* to be immaterial, in view of the defendant's testimony that the stairway in question had been so far completed by the subcontractor as to have been turned over to the defendant prior to the accident to plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.