## Florence Bacon, Administratrix, Appellee, v. Emerson-Brantingham Company, Appellant.

### Gen. No. 6,553.

1. WORKMEN'S COMPENSATION ACT, § 4*—*when engagement in extrahazardous employment shown.* Evidence *held* sufficient to show that a painter in an agricultural implement manufacturing plant, who was ordered to leave his ordinary work and go to another part of the building and dip some eveners which had been piled high on a truck, which he was required to move to get into position for work, and was killed by a fall of the eveners upon him, was engaged in an extrahazardous employment, within section 3 of the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(3)].

2. PLEADING, § 38*—*how construed as to pleader after verdict.* After verdict, the rule by which pleadings are construed against the pleader is reversed, and anything necessary to be proved, which may fairly be inferred from the declaration, will be regarded as alleged.

3. PLEADING, § 466*—*when declaration sufficient after verdict.* It is sufficient after verdict if the allegation in a declaration is good in substance.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. PLEADING, § 466*—*when defect, imperfection or omission cured by verdict.* If there is a defect, imperfection or omission in any pleadings, whether in substance or in form, which would have been a fatal objection on demurrer, yet, if the issue joined be such as necessarily required on the trial proof of the facts so defectively stated or omitted and without which it is not to be presumed that either the judge would direct the jury to give or that the jury would have given the verdict, such defect, imperfection or omission is cured by verdict.

5. WORKMEN'S COMPENSATION ACT, § 12*—*when defendant may not question sufficiency of averment as to election not to be bound by.* The defendant, in an action for the death of an employee, is not in position to question the sufficiency of an averment that defendant had elected not to be bound by the Workmen's Compensation Act and had taken due and proper steps required by law not to be bound thereby, where a verdict has been rendered on the issue presented by a plea of general denial.

6. MASTER AND SERVANT, § 532*—*what does not constitute statement of new cause of action for negligent death.* There was no statement of a new cause of action, in an additional count in an action for the death of a painter in an agricultural implement factory, due to the fall of wooden eveners from a truck upon him, where the original count alleged that defendant carelessly and negligently caused deceased to work in and about overloaded trucks, and the additional count alleged that defendant carelessly and negligently caused deceased to work away from his usual employment and in and about overloaded trucks.

7. APPEAL AND ERROR, § 870*—*what abstract must contain.* The contention that the certified copy from the secretary of the Industrial Board of an employer's election not to provide and pay compensation under the Workmen's Compensation Act was not under seal is untenable where there is nothing in the abstract to advise the court whether or not this is so.

8. DAMAGES, § 244*—*when inaccuracy in instruction is immaterial.* The fact that instructions on damages, in an action for negligent death, are not strictly accurate and that a jury might be impelled to award excessive damages is immaterial where the damages awarded are not excessive.

9. WORKMEN'S COMPENSATION ACT, § 12*—*when instruction on effect of rejection of by employer is not reversibly erroneous.* In an action against an employer for damages for the negligent death of an employee, due to the fall of wooden eveners off a truck, an instruction that if defendant had rejected the Workmen's Compensation Act it was no defense that decedent assumed the risk,

or that his death was caused by the negligence of a fellow-servant or that he came to his death "by any negligence on his part," the omission of the word "contributory" before negligence was harmless error, where special interrogatories were submitted at the instance of defendant and a special finding rendered that defendant did not use reasonable care to furnish deceased a reasonably safe place to work, that the truck was heavily overloaded and not properly braced, and that defendant knew such fact at the time.

10. INSTRUCTIONS, § 151*—*when refusal proper.* It is not error to refuse instructions covered in the main charge.

11. WORKMEN'S COMPENSATION ACT, § 2*—*what is effect of rejection of by employer.* In an action at common law against an employer, who is engaged in an extrahazardous business within the Workmen's Compensation Act and has rejected the act, if the employer was guilty of any negligence, it is immaterial whether the employee was negligent or how much he was negligent.

12. MASTER AND SERVANT, § 737*—*when negligence of foreman is question for jury.* In an action against a factory owner to recover for the negligent death of a painter who was killed by the fall upon him, from a truck, of a load of eveners, which he had been ordered to dip, evidence *held* to present a jury question as to whether the foreman negligently left the truck with two of the four stakes out and in such a condition that the load would fall, if disturbed.

Appeal from the Circuit Court of Winnebago county; the Hon. CLAIRE C. EWARDS, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed October 10, 1918. Rehearing denied November 13, 1918. *Certiorari* denied by Supreme Court (making opinion final).

MACCHESNEY, BECKER, ANGERSTEIN & ROLLO and LATHROP, LATHROP & BROWN, for appellant; NATHAN W. MACCHESNEY, THOMAS C. ANGERSTEIN, ROBERT P. ROLLO and GEORGE W. ANGERSTEIN, of counsel.

E. D. REYNOLDS, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

George Bacon, 28 years of age, husband of appellee, Florence Bacon, had been in the employ of the appel-

lant company for several months in its factory at
Rockford, Illinois, where it was engaged in manufac-
turing agricultural implements in several buildings
there located containing power-driven machinery used
for such work. While so employed April 5, 1916, he
received fatal injuries from the falling of a pile of
eveners loaded on a truck about which he was work-
ing, on the order of appellant. This action on the
case was brought by his administratrix to recover
damages for his death. There was a judgment for the
plaintiff on a verdict of $4,500, from which this appeal
is prosecuted.

The case was begun and prosecuted on the theory
that appellant was engaged and the deceased employed
in an extrahazardous business as defined in section 3 of
the Workmen's Compensation Act of 1913 [Hurd's St.
1913, page 1206, Callaghan's 1916 St. Supp. ¶ 5475(3)],
and therefore the rights of the parties controlled by
the provisions of that act; that appellant had elected
not to provide and pay compensation thereunder by
filing notice of such election with the Industrial Board
of this State, and posting such notice as provided in
clause b of section 1 of the Act [Callaghan's 1916 St.
Supp. ¶ 5475(1)], and therefore was deprived in this
action of any defense that deceased assumed the risk
of the employment; that his death was caused in whole
or in part by the negligence of a fellow-servant; or
that the injury or death was proximately caused by
his own contributory negligence. Appellant offered
no evidence and asks a reversal because it says (1) the
evidence does not show that deceased was at the time
engaged in an extrahazardous business; (2) that there
is no sufficient averment in the declaration that it had
rejected the provisions of the act; (3) that there is
no sufficient evidence that it had rejected those pro-
visions; (4) that the court erred in instructions to the
jury given on appellee's request on the measure of
damages, and on the effect of deceased's negligence

as the proximate cause of the injury; and (5) that appellant was not negligent, and deceased was, and the death was caused by the negligence of deceased or was the result of an accident for which no one is to blame. It is not claimed that the verdict and judgment are excessive if appellee is entitled to any judgment.

It appears from the evidence, without contradiction, that appellant was engaged in the manufacturing business, as before stated, and that deceased was there employed as a painter; that his usual place and work were in the grain drill department on the second floor, blacking and retouching discs and dipping small stuff; that at about 15 minutes past 7 on the morning of April 5, 1916, he was, while on the second floor, ordered by appellant's foreman to go down to the first floor of the building to dip some wooden eveners. He had done such work before, but not often. It was not his regular work or his regular place to work. A few moments afterwards a loud crash was heard, and deceased's body was found lying under a truck load of seasoned oak eveners which had fallen or slid off the top of a truck. There was no eyewitness to the accident. His head was towards the truck, and the eveners were lying crossways over his body. The truck was about 4 feet long and 2 feet wide, two wheels at one end and one at the other, each wheel working on a swivel. There were no handles to the truck, but at each of the four corners was a socket for a stake. The eveners were about 3 feet in length, 3 to 3½ inches wide, and 1½ to 2 inches thick, of seasoned hard oak wood. The ends were sharp, and the sides slippery. Each evener weighed about 6¾ pounds, and there were 346 of them on the truck. The platform of the truck was 1½ to 2 feet above the floor. It had been loaded by workmen in the wood shop the day before and moved into the room where deceased was directed to work. The ordinary load for such a truck was about 3 feet high. Additional eveners had been loaded

on this truck probably after it came from the wood shop, so that the load stood about 4½ feet high, or at its top from 6 to 7 feet above the floor. Deceased had nothing to do with loading the truck or putting it in the place where he found it. One witness, the foreman, testified that there were stakes in each of the four sockets after it was removed from the wood room the day before, but when deceased's body was found there was no stake in either of the two sockets next to him, but there were two in the opposite side of the truck. If there were other stakes when deceased approached the truck none were found at or near the place by the people that saw deceased and the eveners there after the accident. It was evident that deceased had moved the truck a few feet to get it in position for his work.

Appellant's first contention that deceased was not employed in extrahazardous business must be answered by reference to clauses 1 to 8 inclusive of section 3 of the Workmen's Compensation Act, and decisions of the court thereunder. Counsel have not specially referred to those clauses, or noted any such decisions. The Supreme Court has discussed those provisions in *Uphoff v. Industrial Board of Illinois*, 271 Ill. 312 [13 N. C. C. A. 80]; *Marshall v. City of Pekin*, 276 Ill. 191; *McLaughlin v. Industrial Board of Illinois*, 281 Ill. 104; *Hahnemann Hospital v. Industrial Board of Illinois*, 282 Ill. 316; and there is an extensive note on the subject in L. R. A. 1917 D 147. Without discussing the statute and authorities construing it, it is sufficient to say we are of the opinion the evidence shows that appellant was at the time engaged in what is, in the act, termed an extrahazardous business, and that deceased was employed in that extrahazardous business, notwithstanding there may have been no power-driven machinery in the room where he was working when he received the injury.

Appellant's second point is based on the pleadings.

It is conceded by appellee's counsel that before the amendment of 1917 (section 3½ of the present Workmen's Compensation Act), the plaintiff must both aver and prove the rejection of the provisions of the act; therefore that the inquiry whether that was done is pertinent. The original declaration contained five counts, to which the general issue was pleaded. During the introduction of evidence, and at its close, appellant's counsel repeatedly urged that there was no sufficient allegation in the declaration that it had rejected the provisions of the act. The court withdrew from the consideration of the jury the first four counts, which action is not here questioned. That left standing the fifth count, which in its averment as to the rejection of the act read as follows: "That prior to the date aforesaid, the said defendant had elected not to be bound by a certain statute of the said State of Illinois commonly known as to wit: The Workmen's Compensation Act, and had taken due and proper legal steps required by law not to be bound thereby, and that said election not to be bound thereby was in full force and effect on the day aforesaid."

It was insisted in the trial court and is argued here that the averment is not one of facts but is only the statement of a conclusion of the pleader, and therefore bad pleading. We need not consider whether this objection would have been good had it been made on demurrer to that court. After verdict the rule by which pleadings are construed against the pleader is reversed, and anything necessary to be proved, which may fairly be inferred from the declaration, will be regarded as alleged. (*Wagner v. Chicago, R. I. & P. Ry. Co.*, 277 Ill. 114.) It is sufficient after verdict if the allegation is good in substance. *Supolski v. Ferguson & Lange Foundry Co.*, 272 Ill. 82. If there is a defect, imperfection or omission in any pleadings, whether in substance or in form, which would have been a fatal objection on demurrer, yet, if the issue

joined be such as necessarily required on the trial proof of the facts so defectively stated or omitted and without which it is not to be presumed that either the judge would direct the jury to give or that the jury would have given the verdict, such defect, imperfection or omission is cured by verdict. *Gerke v. Fancher,* 158 Ill. 375. We think appellant is not in position to question the sufficiency of the averment after a verdict rendered on an issue presented by its plea of general denial. But appellee by leave of court, filed an additional count in which was set out in detail the steps taken to comply with the provisions of the act in electing not to be bound by it. Appellant pleaded the general issue and the statute of limitations to this additional count. Appellee demurred to the plea of the statute, and the court sustained the demurrer. It is argued that the additional count stated a new cause of action, and therefore the demurrer should have been overruled. In more fully stating the facts in relation to appellant's election, it will be seen from what we have already said that we do not regard it a statement of a new cause of action. But in the additional count it is alleged that the defendant "carelessly and negligently caused the said George Bacon to work away from his usual employment and in and about said overloaded trucks," which appellant says is an allegation of a negligent order, and claims there was no such allegation in the original declaration. But in said original count five it is alleged that the defendant "carelessly and negligently caused the said George Bacon to work in and about said overloaded trucks." No new cause of action was stated in the additional count, and the court did not err in its rulings on the questions raised thereunder.

Appellant's third point is based on the statement of its counsel that a certified copy from the secretary of the Industrial Board of appellant's notice of election not to provide and pay compensation under the act

was not under seal. It was admitted in evidence as plaintiff's exhibit "B" over appellant's objection that it was not competent under the issue, and was not properly certified, and did not bear the seal of the Industrial Board but merely had the word "seal" written on it. The exhibit is not shown in the abstract. The court had the original document before it. We cannot say that the certificate did not bear a proper seal from the mere allegation of appellant's counsel in the court below and here that it was deficient in that respect with nothing in the abstract to advise us whether that is so or not. This is a sufficient answer to an objection that is purely technical.

The fourth point is that plaintiff's instructions four and seven on the measure of damages did not limit the jury to damages for pecuniary loss, but left them to assess such damages as they might think fair and just. The seventh, which reads as follows, "The court instructs the jury that, if they find for the plaintiff, they will assess the plaintiff's damages at such sum as will be a fair compensation, with reference to the pecuniary damages resulting from such death to the wife and next of kin of George Bacon, deceased, not exceeding the sum of $10,000" is assumed to be especially bad, and in conflict with the law as announced in *North Chicago Rolling Mill Co. v. Morrissey*, 111 Ill. 646. The instruction in that case told the jury if they found the defendant guilty they might "give such damages as they shall deem a fair and just compensation for the pecuniary loss resulting from such death to the widow and next of kin of deceased, not exceeding $5,000." The criticism of the court on that feature of the instruction was that it allowed the jury to give such damages as they should deem a fair and just compensation regardless of the proof. There are numerous instructions found in Illinois cases on this subject that should be examined and compared with those here in question, if there was any contention or

room for contention that the verdict is excessive. But even assuming that plaintiff's instructions are not strictly accurate statements of the law governing the assessing of damages, and that a jury might under such instructions be impelled to award larger damages than the evidence warranted, still, considering the age of deceased, that he was a sober, industrious man, and left surviving a widow and a minor daughter 6 years old, it is so apparent that the damages assessed are not excessive that the subject requires no further consideration.

The plaintiff's eighth instruction read:

"The court instructs the jury that if you find from the evidence that George Bacon, plaintiff's intestate was killed while working in the line of his duty for the defendant company; and if you further find from the evidence that the said defendant company had prior to the 5th day of April, 1916, filed with the Industrial Board of the State of Illinois its refusal to accept the provisions of the Workmen's Compensation Act of the State of Illinois, and had not withdrawn said notice prior to the time of the death of the said plaintiff's intestate, then you are further instructed that it is no defense in this case to claim that the said decedent assumed the risk, or that his death was caused by the negligence of a fellow-servant, or that he came to his death by any negligence on his part."

It was an attempt to state the defenses forbidden by the statute but omitted the important word "contributory" qualifying negligence, and left the instruction open to the objection that it might be understood that the defendant would still be liable if the injury was solely caused by the negligence of deceased. There is a difference between contributory negligence and sole negligence. The court erred in giving that instruction, and the inquiry, as in all cases of error, is whether it might have harmed, or did harm, the adverse party. This must be answered by reference to the record. We find that the court gave seventeen in-

structions for the defendant in which he repeatedly told the jury, in varying ingenious language that able counsel used in drafting them, that the defendant could not be found guilty and was not liable unless the proof showed it guilty of the negligence charged in the declaration. This supports an inference that the error might not have harmed appellant. But at the instance of appellant special interrogatories were submitted, which the jury answered, specially finding (1) that the defendant did not use reasonable care to furnish deceased a reasonably safe place in which to work; (2) that the truck was overloaded and not properly braced; and (3) that the defendant at the time knew that fact. We conclude under these circumstances that the error in not distinguishing in the instruction between negligence and *contributory* negligence is affirmatively shown not to have injured appellant. It is clear that the jury understood and acted on the law requiring allegations and proof of negligence of the defendant to sustain a verdict for the plaintiff. There are other suggestions of error in instructions, but none that require special notice. The court refused some instructions offered by appellant, but they were sufficiently covered by those given. Taken as a whole the instructions, except as above stated, were as full and fair to the defendant as should be asked.

It is argued under the fifth point that the evidence shows no negligence on the part of appellant, and that deceased, himself, was negligent in not perceiving the situation and guarding against it. Many cases are cited and discussed in which defenses of contributory negligence and assumed risk were permitted. The language of courts in that class of cases must be read with that difference of law in mind. In the present case, if appellant was guilty of any negligence it is entirely immaterial whether the deceased was negligent, or how much he was negligent. If it was entirely

his negligence, there was no room to hold appellant negligent at all; but if the negligence of deceased and appellant contributed to the injury, it does not matter in what proportion, appellant is liable. It seems quite clear if appellant left the load of eveners in the condition above described so they would fall if disturbed, and then sent decedent, unacquainted with the situation, to work upon it, it was guilty of some negligence; it is hardly contended that it would not be, under that condition; but it is urged that the load was not left in that condition; that four stakes were in the sockets at the last known of it by appellant's foreman, and that he might well have believed that they were still in there, and the load protected. A fair question for the jury was thus presented. The testimony of the foreman that those stakes were in place on the afternoon before was in conflict with the admitted fact that at the time of the injury they were not there, or thereabouts. It was within the province of the jury to find that the foreman was mistaken about seeing those stakes in that particular truck the afternoon before the injury. Their general verdict, strengthened by their special findings, makes it clear that they believed he was mistaken, and we do not think the trial court erred in accepting that finding of the jury. After a careful consideration of the evidence we do not think it is our duty or privilege to reverse the judgment on the ground that the jury erred in finding the defendant guilty of some negligence that contributed to the injury. Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*