**Herbert N. Lustig, Appellee, v. J. J. Hutchinson and John F. Cuneo, Defendants.**

**Gen. No. 45,757.**

KILEY, J., dissenting.

Opinion filed October 22, 1952. Rehearing allowed November 7, 1952. New opinion filed January 14, 1953. Released for publication January 30, 1953.

121

CAMPBELL, CLITHERO & FISCHER, of Chicago, for appellant.

SEIBERT & DANIELS, of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff sued defendants Hutchinson and Cuneo for a brokerage commission for procuring a purchaser, ready, able and willing to buy upon the terms of sale submitted to plaintiff. A trial without a jury resulted in a finding and judgment in favor of Cuneo and a finding and judgment for plaintiff, against defendant Hutchinson, from which he appeals.

The complaint alleged that Cuneo owned the property in question; that on November 10, 1945, Hutchinson represented to plaintiff that he was exclusive broker for Cuneo and warranted to plaintiff that Cuneo authorized Hutchinson to employ plaintiff to procure a purchaser for said property and to contract for payment of commission; that Cuneo, through Hutchinson, contracted with and engaged plaintiff as broker for the sale of said real estate; that the price was fixed at $135,000; that the purchaser was to pay one-half in cash and give back a purchase money mortgage for the balance; that possession would be surrendered on or before May 1, 1946; that Hutchinson told plaintiff if such a purchaser were procured, plaintiff would receive one-half of the usual brokerage commission, and Hutchinson would retain the other one-half as exclusive agent for Cuneo; that on January 1, 1946, Hutchinson notified plaintiff that the purchase price was raised to $150,000, but the balance of the terms would remain the same; that plaintiff undertook said hiring and employment from November 1945, through April 1946, performed services and procured a purchaser, willing and able to purchase upon said terms;

122

that on April 3, 1946, said purchaser signed a contract upon said basis, a copy of which was attached to the complaint as Exhibit "A"; that the purchaser deposited $5,000 earnest money with the plaintiff; that the contract and earnest money were delivered to defendant Hutchinson; that Hutchinson, as agent for Cuneo, accepted the contract and earnest money, told plaintiff he had done a good job and was entitled to his one-half commission; that Cuneo made new proposals of sale directly to plaintiff's purchaser and negotiated a new contract for the sale of said premises with the purchaser, and that plaintiff was entitled to his commission of $3,750.

The complaint was not challenged as to sufficiency by any motion under the present Civil Practice Act, but an answer was filed by each defendant. The answers of Cuneo and Hutchinson were almost identical, in which they denied the allegations in the complaint except that they admitted Cuneo wrote the letter to plaintiff's alleged purchaser, as set up in the complaint. In this letter Cuneo said the contract in the main was satisfactory and made new proposals.

The evidence clearly establishes that plaintiff, after he was employed by Hutchinson, rendered services over a period of nearly a year in his effort to procure a purchaser upon the terms submitted by Hutchinson, and expended a substantial amount in advertising the property. That he procured a contract upon the terms submitted by Hutchinson is undisputed. That the earnest money and the contract were delivered by plaintiff to Hutchinson, who in turn delivered the same to Cuneo, is undisputed. Cuneo thereafter negotiated directly with said purchaser. Plaintiff was not consulted in the subsequent negotiations, which resulted in a redraft of the contract by Cuneo and signed by plaintiff's purchaser. The terms of the latter contract

123

were never discussed with plaintiff. Plaintiff then demanded of Hutchinson the commission due him. No demand on Cuneo was made by plaintiff. It appears from the evidence that Cuneo refused to consummate the sale. Whether Cuneo was justified in this refusal is not involved on this appeal.

The principal ground for reversal urged by defendant is that the complaint having alleged Hutchinson was the agent, and the principal having been disclosed, plaintiff cannot recover, since there is no personal liability of an agent where the principal is disclosed and where the agent has not personally obligated himself. Quoting defendant's statement of his position, it is: "Defendant, Hutchinson, did not claim a variance between pleading and proof, but asserted throughout that plaintiff's pleadings stated Hutchinson was the agent and John F. Cuneo the principal, and that plaintiff's proof, although insufficient to prove his case, conformed to his pleadings." Defendant makes no point in his briefs or upon oral argument that the complaint wholly fails to state a cause of action against defendant.

It must be borne in mind that plaintiff alleged and proved that Hutchinson represented to him that he had authority from Cuneo to employ plaintiff to procure a purchaser. Hutchinson offered no proof upon the trial that he had such authority from Cuneo, and there is no evidence in the record that he had such authority. We think that the law is well settled in this State, as in other jurisdictions, that an agent, representing an owner of property to offer the same for sale, has no implied authority to employ a broker to procure a purchaser; that the burden is upon the agent who employs the broker to establish such authority, and that in the absence of proof of such authority, the agent becomes personally liable for the broker's com-

mission, where the broker has procured a purchaser, ready, able and willing to buy upon the terms submitted by the agent.

In *Willoughby v. Brown,* 190 Ill. App. 51, suit was brought against the agent and the principal, by the broker, who was employed by the agent. The suit was dismissed as to the principal, and the agent was held personally liable to the broker. It was there said:

"Mary E. Ryan was the owner of the real estate and had given Brown a power of attorney to sell and convey the same. The power of attorney did not give authority to lease, nor did it give authority to employ a broker. Brown stated to plaintiffs that he was authorized to lease said real estate. Authority to sell or lease does not imply authority in the agent to employ a broker. *Doggett v. Greene,* 254 Ill. 134.

"The promise by Brown to pay defendant for this service in finding a man ready, able and willing to accept a lease was binding on him individually. *Sadler v. Young,* 78 N. J. Law 594.

"It was not necessary that Brown have any interest in the property placed by him in the hands of plaintiffs, to bind him personally by a promise to pay commissions." (Citing *Doggett v. Greene,* 254 Ill. 134, 139.)

In *Reeb v. Bronson,* 196 Ill. App. 518, 524, the court approved the following statement of the law:

" 'It is perfectly well settled, that if a person undertake to contract as agent for an individual or corporation, and contracts in a manner which is not legally binding upon his principal, he is personally liable. * * * *And the agent, when sued upon such a contract, can exonerate himself from personal liability only by showing his authority to bind those for whom he undertakes to act. It is not for the plaintiff to show*

*that he had not authority. The defendant must show affirmatively that he·had.'* The definition given is quoted with approval by our Supreme Court in *Wheeler v. Reed,* 36 Ill. 91; also in *Frankland v. Johnson,* 147 Ill. 525. The personal liability of agents under circumstances similar to this case was also affirmed in *Kadish v. Bullen,* 10 Ill. App. 566; *Rice v. Western Fuse & Explosive Co.,* 64 Ill. App. 603.'' (Italics ours.)

The same principle was adopted in *Hale v. Brown,* 211 Ala. 106, 99 So. 645, 647, and affirmed by the Supreme Court of Alabama in 215 Ala. 177, 110 So. 376. To the same effect is *Morse v. Traynor,* 26 Neb. 594, 42 N. W. 719.

 We recognize that the instant complaint would have been vulnerable to a motion under the Civil Practice Act or a demurrer under the common-law practice for failure to allege in the alternative that if the representation made by Hutchinson to plaintiff, as to his authority, was not true, plaintiff was entitled to recover from Hutchinson. This defect in pleading should not defeat plaintiff's judgment, especially, as already noted, where no point was raised upon this appeal that the complaint wholly fails to state a cause of action against defendant.

 The doctrine of aider by verdict or judgment is a settled rule of law in this State through an unbroken line of authorities, and is applicable here to sustain the judgment, notwithstanding the omission, referred to, in the pleading. In construing this complaint after judgment, the rule is otherwise than before judgment. *Smith v. Rutledge,* 332 Ill. 150, 153.

In *Wagner v. Chicago, R. I. & P. Ry. Co.,* 277 Ill. 114, 119, in an action under the Federal Employers' Liability Act, where the declaration failed to allege that plaintiff, at the time of the accident, was performing his duties in interstate commerce, the court said:

"The declaration as tested by a demurrer might properly have received that construction, since it referred to the previous averment that the defendant was engaged in inter-State commerce, *but after verdict the rule by which pleadings are construed against the pleader is reversed and anything necessary to be proved which may fairly be inferred from the declaration will be regarded as alleged.* A favorable construction of the declaration to support the verdict would be that the defendant being engaged in inter-State commerce, and it being the duty of the plaintiff, as an employee, to couple the cars, it might fairly be inferred that he was engaged at the time in an act included in the business carried on by the defendant in inter-State commerce." (Italics ours.)

*Bacon v. Emerson-Brantingham Co.,* 213 Ill. App. 96, 102 (certiorari denied by the Supreme Court).

 Under the Civil Practice Act the complaint need only allege facts which would reasonably inform the defendant of the nature of the cause of action. Section 33 (3) [Ill. Rev. Stats. 1951, ch. 110, par. 157; Jones Ill. Stats. Ann. 104.033] of the Act provides:

"Pleadings shall be liberally construed with a view to doing substantial justice between the parties."

The Municipal Court Act had substantially the same provision prior to the enactment of the Civil Practice Act.

In *Thon v. Jackson,* 221 Ill. App. 358, 361, which was an action for personal injuries brought in the municipal court, where plaintiff failed to allege in his complaint that he was in the exercise of ordinary care for his own safety at the time of the accident, this court, in construing the provisions of the Municipal Court Act referred to, and in dealing with the subject of aider

127

by verdict, followed the rule stated in *Chicago & E. I. R. Co. v. Hines,* 132 Ill. 161, 166:

"Where there is any defect, imperfection or *omission* in any pleading, whether in *substance* or in *form,* which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or *omitted,* and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by the verdict."

The same rule was followed in *Baltimore & O. S. W. Ry. Co. v. Then,* 159 Ill. 535, and *Consolidated Coal Co. v. Schneider,* 163 Ill. 393. The Appellate Courts of this State have followed the rule so announced. A few of the cases are *City of Elgin v. Thompson,* 98 Ill. App. 358; *United States Brewing Co. v. Stoltenberg,* 113 Ill. App. 435; *Riordan v. Thompson-Starrett Co.,* 204 Ill. App. 488; and *Watkins Medical Co. v. Bailey,* 217 Ill. App. 460.

Upon the evidence we have outlined, the trial court had no alternative as to Cuneo except to find for him, there being no evidence of any authority given by Cuneo to Hutchinson to employ a broker. Under the cases cited, Hutchinson had the burden of making such proof to relieve himself of liability.

We are convinced that the evidence shows plaintiff earned his commission, and his right to recover should not be defeated by a technical rule of pleading.

Substantial justice has been done in this case, and the judgment is affirmed.

*Affirmed.*

Lewe, P. J., concurs.

128

KILEY, J., dissents:

A fair summary of the majority opinion is that substantial justice has been done in the case because (a) plaintiff earned his commission and his recovery should not be defeated by a technicality not objected to either at the trial or complained of in this court, (b) Cuneo was rightly dismissed out because of lack of evidence that he authorized Hutchinson to employ plaintiff, and (c) Hutchinson had the burden of proving his authority to employ plaintiff and failing to make proof should be held personally liable.

Plaintiff did earn his commission. Cuneo was rightly dismissed because it is undisputed he personally did not own the property and there was no evidence that he authorized Hutchinson to act for him in employing plaintiff. No appeal was taken from the judgment in favor of Cuneo.

I do not agree that the question of pleading is a technicality, or that Hutchinson had the burden of proof under the circumstances of this case. For these reasons I do not agree that substantial justice has been done. I think Hutchinson has not received substantial justice.

The majority opinion recognizes that plaintiff failed to allege in the alternative that if the representation of authority made by Hutchinson was not true plaintiff was entitled to recover from Hutchinson. This is not a defect in pleading a cause of action against Hutchinson, nor an omission to plead an element in a cause stated against him. It is a complete failure to state a cause of action, and neither lack of objection at the trial nor judgment supplies the omission and the point can be made at any time. *Owens-Illinois Glass Co. v. McKibbin,* 385 Ill. 245.

129

The point was not expressly raised by Hutchinson in his brief. In the original opinion we treated it as a variance.. We thus misapprehended Hutchinson's position that plaintiff alleged and sought to prove that Hutchinson was agent and Cuneo principal in the transaction, and that the proof conformed to the pleadings but was insufficient to prove the allegations. Hutchinson's original brief rested upon the theory that under the pleading and proof the case against him fell with the case against the principal. Plaintiff's brief is not based upon an implied contract with Hutchinson as principal, but on the theory that plaintiff was a subagent of Hutchinson, standing in the same relationship to Hutchinson as the latter bore to his principal. In his reply brief Hutchinson refers to the subagency theory in this way, "All of these allegations disclose that plaintiff based his claim on an alleged contract with Cuneo as principal rather than a contract with Hutchinson as to which Cuneo played no part."

This is an unusual record. The plaintiff alleged and set out to prove a contract with Cuneo through Hutchinson. The proof fails to make out the case against the principal but does support a judgment against Hutchinson individually. However, no contract with Hutchinson was alleged. The liberal spirit of the Civil Practice Act is not so broad as to warrant the trial court in entering judgment for plaintiff on a legal theory supported by evidence even though defendant is not informed of the theory, and has no opportunity to prepare his defense to that theory. The unusual record may explain the failure of Hutchinson to make the point and for that reason I think his suggestion should suffice to raise the point for our consideration.

Since no contract with Hutchinson was alleged, Hutchinson was not reasonably informed that plain-

tiff was asserting any claim against him. The rule of law to which the majority opinion cites *Reeb v. Bronson,* 196 Ill. App. 518 and *Willoughby v. Brown,* 190 Ill. App. 51, is not pertinent. The record in the *Brown* case discloses that defendant Brown in pleading and testimony stated he had no authority, the principal Mary Ryan was dismissed out by agreement at the close of evidence, and the jury was instructed on the theory of a contract between plaintiff and Brown. In the *Bronson* case the suit was against the agent as an individual, and alleged a contract with him. Had plaintiff sued Hutchinson on a contract between them, the latter would have had the burden of showing authority to avoid liability.

Under the contract alleged, Hutchinson had no burden of showing authority for there was no claim against him based on lack of authority. The burden was on plaintiff to prove the agency of Hutchinson binding Cuneo. Had plaintiff alleged personal responsibility against Hutchinson, the latter might have produced written or oral testimony to show authority from the corporation which owned the property. Should plaintiff amend, Hutchinson might still make that showing.

It has been held unnecessary in a similar case to plead specifically that the agent had or had not authority and that it is sufficient to plead the representation of authority thereafter repudiated by the principal. *Jamison v. Lamborn,* 207 App. Div. 375, 202 N. Y. Supp. 113. There is no case in Illinois or elsewhere cited or found, which decides it is unnecessary in a case like this to make the latter allegation.

The judgment should be reversed and the cause remanded with leave to plaintiff to amend, and for retrial on the issues thus formed.